IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOODVILLE MUTUAL CASUALTY COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civ. No. 09-338-SLR |
| Plaintiff, | | |
| v. | | |
| DAVID BALDO dba EXCEL PROPERTY MANAGEMENT, | | |
| Defendant. | | |

**MEMORANDUM ORDER**

At Wilmington this 2nd day of June, 2011, having considered plaintiff's motion for summary judgment, as well as the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 17) is granted, as follows:

1. **Background.** Goodville Mutual Casualty Company ("plaintiff") filed this motion to obtain a judicial determination concerning insurance coverage for an action arising from the alleged defective construction of a residential condominium development in Rehoboth Beach, Delaware. (D.I. 17) The court has diversity jurisdiction to resolve the matter pursuant to 28 U.S.C. § 1332.

2. The condominium association and individual unit owners ("Owners") for the Canal Landing Townhouse Condominium ("the Condominium") brought suit in the Superior Court of Delaware for New Castle County alleging that there were numerous design and construction defects and deficiencies in the Condominium's development.

See *Canal Landing Townhouse Condominium Assoc. v. Louis Capano & Assoc., Inc., et al*, C.A. No. 07C-09-162JOH ("the Canal Action"). The Owners alleged in the Canal Action that the result of these defects was severe water and moisture penetration and damage, deterioration, loss in marketability, structural and physical instability, and dangerous conditions. (D.I 17., ex. A at ¶ 9) Specifically, the complaint alleges that there are leaking roofs, leaking facades, defective rear decks, and leaking water pipes. (*Id.* at ¶¶ 11-37) Louis Capano Associates ("Capano"), the general contractor, and Rehoboth Beach Associates, LLC ("Rehoboth"), the owner and developer of the property, were sued in the Canal Action. (*Id.*)

3. David Baldo dba Excel Property Management ("defendant") was joined to the Canal Action as a third party by Capano and Rehoboth. (D.I. 18) Defendant is the named insured on plaintiff's Commercial Lines Policy No. CP907622, with a policy period from January 3, 2008 to January 3, 2009 ("the Policy"). (*Id.*) According to the third party complaint in the Canal Action, defendant managed and maintained the property for the Owners and, through its service, was "responsible for or exacerbated the issues" for which damages were being sought. (*Id.*, ex. B at ¶ 2) Capano and Rehoboth contend in their third party complaint that, if they are found liable, defendant is also liable because its acts or omissions are the primary and/or contributing cause of any damages sustained by the Owners. (*Id.* at ¶ 6) Capano also avers claims for contribution and contractual indemnification. (*Id.* at ¶¶ 6-7)

4. Plaintiff filed the declaratory judgment action at bar on May 11, 2009. (D.I. 18) On September 26, 2009, the complaint was served upon defendant. (*Id.*) Due to

defendant's failure to file a response to the complaint, default was entered on February 22, 2010. (*Id.*) Plaintiff filed a motion to vacate default and reopen the case on March 3, 2011. (D.I. 13) The motion to vacate was granted on April 1, 2011, and plaintiff filed the present motion for summary judgment on the same day. (D.I. 17)

5. **Legal Standard**. A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that

issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

6. **Discussion**. Under Delaware law, the duty to defend is determined by the factual allegations of the complaint in the underlying action. *Brosnahan Builders, Inc. v. Harleysville Mut. Ins. Co.*, 137 F. Supp. 2d 517, 526 (D. Del. 2001). The test is whether the underlying complaint, read as a whole, alleges a risk within the coverage of the policy, thus invoking the insurer's duty to defend. *Id.* An insurer may be excused from its duty to defend a claim if it can be determined, as a matter of law, that there is no possible fact or legal basis upon which the insurer might eventually be obligated to indemnify the insured. *Brosnahan Builders*, 137 F. Supp. 2d at 526. Where there is no duty to defend, there is no duty to indemnify. *See Am. Ins. Group v. Risk Enter. Mgmt., Ltd.*, 761 A.2d 826, 830 (Del. 2000).

7. Plaintiff contends that there is no possible factual or legal basis upon which it may be obligated to indemnify defendant. The factual basis of the third party complaint in the Canal Action is that defendant is liable for any damage caused by the defective design and construction defects by virtue of its failure to properly maintain the property. (D.I. 18, ex. B at ¶2) Plaintiff alleges that, within the scope of the Policy, such conduct does not qualify as an "accident" or "occurrence" as defined in the Policy. (D.I. 18) Plaintiff also contends that defendant's conduct falls within the scope of one or more exclusions in the Policy. (*Id.*) As such, plaintiff avers that it has no obligation to defend

4

or indemnify defendant for the claims asserted in the Canal Action. (*Id.*)

8. Coverage L of the Policy states that coverage is provided for "all sums which an Insured becomes legally obligated to pay as damages due to bodily injury or property damage to which this insurance applies." (*Id.*, ex. E) The Policy provides that bodily injury or property damage must be caused by an "occurrence," which is defined to mean "an accident, that may include repeated exposure to similar conditions." (*Id.*)

9. An occurrence requires an accidental or unexpected event. *See E.I. DuPont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 54 (Del. Super. 1995). Under Delaware law, defective workmanship does not constitute an occurrence for purposes of a commercial general liability policy. *See Brosnahan Builders*, 137 F. Supp. 2d at 526 (holding that damage to plaintiffs' home due to the improper installation of water proofing materials was not sufficient to constitute an occurrence because the situation that led to the damage was clearly within the control of the insured and, therefore, not an accident).

10. The Policy in the case at bar similarly does not provide coverage for Capano and Rehoboth's claims because said claims are based on the allegation that the Owners' property damage was caused by defendant's faulty or deficient work. The third party complaint alleges that, as a result of defendant's efforts to "repair purported leaks to roofs, windows, siding and other areas" of the Condominium, it is "responsible for or exacerbated the issues" for which damages are sought. (D.I. 18) Therefore, as in *Brosnahan Builders*, the property damage was not caused by an occurrence because the situation that caused the damage was not an accident, but was within the control of

the insured.

11. Plaintiff also contends that the Canal Action falls within the scope of one or more of the exclusions that bar coverage for damage relating to defendant's defective or inadequate work. (*Id.*) These exclusions are generally referred to as the "business risk" exclusions, listed as "Additional Exclusions That Apply Only to Property Damage." (*Id.*) Plaintiff alleges that Exclusion 5 of the Policy bars coverage of defendant's claim. (*Id.*) Exclusion 5 states that the insurance policy does not apply to

> property damage to that specific part of real property on which work is being performed by . . . you, or a contractor or subcontractor working directly or indirectly on your behalf, . . . if the property damage arises out of such work.

(Id., ex. E) In the alternative, plaintiff argues that Exclusion 6 bars coverage of defendant's claim. (D.I. 18) Exclusion 6 states that the insurance does not apply to

> property damage to that specific part of any property that must be restored, repaired, or replaced because of faults in your work. This exclusion does not apply to property damage covered under the products/completed work hazard.

(*Id.*, ex. E)

12. Delaware courts enforce business risk exclusions in commercial general liability policies. *See Vari Builders Inc. v. U.S. Fid. and Guar. Co.*, 523 A.2d 549, 551 (Del. Super. 1986) (holding that business risk exclusion in insurance policy effectively excluded from coverage damage to a house by an insured contractor); *Charles E. Brohawn & Bros., Inc. v. Employers Commercial Union Ins. Co.*, 409 A.2d 1055, 1058 (Del. 1979) (holding that clear exclusion in insurance policy of damages related to withdrawal and repair of faulty parts barred coverage by insurance company under those circumstances).

13. The damages alleged in the Canal Action relate to the alleged design and construction defects and deficiencies in common elements and individual units of the Condominium. The allegations by Capano and Rehoboth against defendant arise out of work performed by defendant in managing and maintaining the Condominium and repairing leaks to roofs, windows, siding, and other areas in the units. The third party complaint asserts a claim for

> property damage to that specific part of real property on which work is being performed by . . . [defendant], or a contractor or subcontractor working directly or indirectly on [defendant's] behalf, . . . if the property damage arises out of such work.

(D.I. 18) As such, the Canal Action falls within the scope of the Policy's "Additional Exclusions that Apply Only to Property Damage," and plaintiff has no obligation to defend or indemnify defendant for the claims asserted by Capano or Rehoboth in this regard. See Brosnahan Builders, 137 F. Supp. 2d at 527-28 (holding that exclusion of property damage due to rendering, or failure to render, professional service applied to preclude homeowners' claims that insureds, as general contractors for home construction project, failed to install correct waterproofing materials, or ensure that subcontractors did so).

14. **Conclusion**. For the reasons stated, plaintiff's motion for summary judgment is granted.

_____
United States District Judge